**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PAUL J. MCARDLE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOSEPH W. HUFNAGEL, MARGARET M. HUFNAGEL, THERESA J. HUFNAGEL, J. JEROME MANSMANN, PATRICK W. MANSMANN, KATHLEEN MANSMANN RYGALSKI, JAMES P. MANSMANN, JOANNE T. MANSMANN, PETER J. MANSMANN, SANDRA L. MANSMANN, PETER L. MANSMANN, SARAH E. MANSMANN, KRISTINE I. MANSMANN SULLIVAN, THOMAS M. SULLIVAN, MICHELE M. MANSMANN, RONALD A. WEISENSTEIN, THERESA A. MANSMANN CAMPA, CLAYTON T. CAMPA, ELIZABETH MANSMANN CHAMPAGNE, KEITH J. CHAMPAGNE, DENISE MANSMANN BIRD, DANIEL L. BIRD, DANIEL F. CUSICK, MARY SHEILA CUSICK, COLLEEN CUSICK, ANNE M. MCARDLE, GEORGE R. FOX, III, CARRIE FOX, KELLY FOX, ERIN L. MARSH, DENNIS J. WELSCH, MARY P. WELSCH, WILLIAM P. MORGAN, KATHLEEN S. MORGAN, JOHN DOE, JANE ROE, ET AL. | |
| Appellees | No. 1056 WDA 2015 |

Appeal from the Order June 17, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 14-022519

BEFORE: LAZARUS, J., STABILE, J., and STRASSBURGER, J.[*]

---

[*] Retired Senior Judge assigned to the Superior Court.

JUDGMENT ORDER PER CURIAM:                    **FILED DECEMBER 30, 2016**

Paul J. McArdle, Esquire,[1] appeals from the order, entered in the Court of Common Pleas of Allegheny County, which awarded attorney fees in favor of Appellees Daniel and Mary Cusick (the Cusicks) and Dennis and Mary Welsch (the Welsches).  We affirm.

This matter is one of a series of proceedings with a long and convoluted history, all of which have been initiated by Attorney McArdle in a *pro se* capacity.  In five separate cases initiated in state court,[2] Attorney McArdle has repeatedly made conclusory and factually inadequate allegations against approximately thirty defendants, asserting conspiracy, trespass, conversion, and defamation causes of action.  He has continued to file discovery motions and re-file complaints in violation of explicit orders not to do so, including an order entered July 25, 2012, which prohibited Attorney McArdle from pursuing additional litigation against either the same or related

---

[1] We take judicial notice that, on November 22, 2016, subsequent to argument in this matter, Attorney McArdle's license to practice law in Pennsylvania was suspended for one year and one day.

[2] Attorney McArdle has also initiated proceedings in federal court on related grounds.

defendants[3] regarding the same or related claims unless he was represented by counsel.[4] **See** Order, 7/25/12; **see also** Pa.R.C.P. 233.1.

Instantly, the Cusicks and the Welsches presented motions seeking counsel fees in the amounts of $3,248.40 and $910.00, respectively. The trial court granted these motions, finding that the amounts were fair, reasonable and warranted in light of the improper filings in this matter. **See** 42 Pa.C.S. § 2503(9) (providing for award of counsel fees where "the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.") Accordingly, we discern no error in the award of counsel fees. We find that the opinion authored by the Honorable Judith L. A. Friedman on September 24, 2015, comprehensively addresses the history of this matter and the issues raised on appeal, and we direct the parties to attach a copy of that opinion in the event of further proceedings.

Order affirmed.

---

[3] The Welsches were not parties to the litigation that resulted in the order of July 25, 2012.

[4] Notably, this order was appealed to this Court, which affirmed the trial court on December 19, 2012. **McArdle v. Hufnagel**, 64 A.3d 28 (Pa. Super. 2012) (unpublished memorandum).

J-A23007-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/30/2016

- 4 -

Circulated 12/09/2016 10:05 AM

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| PAUL J. MCARDLE, | ) | CIVIL DIVISION |
| | ) | |
| | ) | |
| Plaintiff, | ) | No. GD-14-22519 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| | ) | |
| JOSEPH W. HUFNAGEL, MARGARET | ) | **OPINION** |
| M. HUFNAGEL, THERESA J. HUFNAGEL, | ) | |
| J. JEROME MANSMANN, PATRICK W. | ) | |
| MANSMANN, KATHLEEN MANSMANN | ) | |
| RYGALSKI, JAMES P. MANSMANN, | ) | |
| JOANNE T. MANSMANN, PETER J. | ) | |
| MANSMANN, SANDRA L. MANSMANN, | ) | |
| PETER L. MANSMANN, SARAH E. | ) | |
| MANSMANN, KRISTINE L. MANSMANN | ) | |
| SULLIVAN, THOMAS M. SULLIVAN, | ) | |
| MICHELE M. MANSMANN, RONALD A. | ) | |
| WEISENSTEIN, THERESA A. MANSMANN | ) | |
| CAMPA, CLAYTON T. CAMPA, | ) | |
| ELIZABETH MANSMANN CHAMPAGNE, | ) | |
| KEITH J. CHAMPAGNE, DENISE | ) | |
| MANSMANN BIRD, DANIEL L. BIRD, | ) | |
| DANIEL F. CUSICK, MARY SHEILA | ) | HON. JUDITH L. A. FRIEDMAN |
| CUSICK, COLLEEN CUSICK, ANNE M. | ) | |
| MCARDLE, GEORGE R. FOX, III, | ) | Copies Served By First Class Mail Upon: |
| CARRIE FOX, KELLY FOX, ERIN L. | ) | |
| MARSH, DENNIS J. WELSCH, MARY P. | ) | Paul J. McArdle, Esquire |
| WELSCH, WILLIAM P. MORGAN, | ) | 239 Fourth Avenue, Suite 1716 |
| KATHLEEN S. MORGAN, JOHN DOE, | ) | Pittsburgh, PA 15222 |
| JANE ROE, ET AL., | ) | |
| | ) | Philip S. Simon, Esquire |
| Defendants. | ) | 603 Washington Road |
| | | Pittsburgh, PA 15219 |

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| PAUL J. MCARDLE, | ) | CIVIL DIVISION |
| | ) | |
| | ) | |
| Plaintiff, | ) | No. GD-14-22519 |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSEPH W. HUFNAGEL, ET AL, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

## INTRODUCTION

This appeal is from several orders entered at different times by different judges. As strange as it may sound, all of these orders were final and were immediately appealable well before the instant appeal was filed. Superior Court recently, on September 9, 2015, quashed the appeals of all orders except ours of June 17, 2015. Even though only one order remains to be considered, we must review all the others because our order was the only possible result of the others.

All the orders were the result of Plaintiff's inability to accept that a decision of the Pennsylvania Superior Court is binding on lower courts such as ours, even though it is designated "non-precedential" and is issued *per curiam*. In addition, he insists that only the entry of a judgment after a trial is a basis for an appeal. He has repeatedly refused to accept the consequences of an order entered in 2012 by the Honorable R. Stanton Wettick, Jr., now a Senior Judge, in a case which involved all but four of the defendants named here. (Those four were not sued until the instant case was filed. Judge Wettick's order, however, applied to people in their

1

position as well as to the original thirty defendants.) That order contained a somewhat unusual, but not improper, directive, in the nature of a sanction directed at Plaintiff that led to the dismissal of this action. Judge Wettick's order was appealed by Plaintiff and was affirmed by the Superior Court.

The full history of Plaintiff's attempts to bring Defendants to account for alleged wrongs against him is too extensive to recount here. Brief procedural summaries of the five prior cases are attached as Appendix One to this Opinion.

The underlying dispute was first brought to our Court's attention in 2010, at GD-10-20409. Other cases arising from the same broad allegations followed and are found at GD-12-2610, GD-12-6759, GD-12-7883, GD-12-13337, and the instant case at GD-14-22519. Put as simply as possible, in all the prior cases, Plaintiff pled conclusory and factually inadequate allegations against all but four of the captioned Defendants and continued to re-file complaints and discovery motions in violation of either the Rules of Court or explicit orders of the various judges. (In the instant case, he filed 10-Day Notices of Default and even a default judgment.)

The burdensome conduct of the Plaintiff eventually led Judge Wettick to enter the following order at GD 12-7883, based on Local Rule 233.1, which is intended to curb such behavior and was directed at *pro se* litigants, such as Plaintiff:

> On this 25th day of July, 2012, it is hereby ORDERED that:
>
> (1) defendants' motions to dismiss pursuant to Pa.R.C.P. No. 233.1 are granted; and this action is dismissed as to all defendants;
>
> (2) plaintiff, unless represented by counsel, is barred from pursuing additional litigation against the same or related defendants as those in the present proceeding if such litigation raises the same or related claims; and
>
> (3) if plaintiff pursues additional litigation against any of the

defendants in this litigation in violation of paragraph (2), the Department of Court Records, upon praecipe filed by any of the persons who are defendants in these proceedings, shall dismiss the complaint as to all defendants.

The full text of Local Rule 233.1 is as follows:

**Rule 233.1.** Frivolous Litigation. *Pro Se* Plaintiff. Motion to Dismiss.

(a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that:

(1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and

(2) these claims have already been resolved pursuant to a written settlement agreement **or a court proceeding.**

(b) The court may stay the action while the motion is pending.

(c) Upon granting the motion and dismissing the action, **the court may bar the** *pro se* **plaintiff from pursuing additional** *pro se* **litigation against the same or related defendants raising the same or related claims without leave of court.**

(d) The court may *sua sponte* dismiss an action that is filed in violation of a court order entered under subdivision (c).

(Emphasis added.)

Plaintiff appealed this order to the Pennsylvania Superior Court which affirmed it on December 19, 2012. Regardless of whether or not Rule 233.1 is too harsh or is unfair to attorneys who wish to represent themselves, Judge Wettick's order is unquestionably now the law as it applies to any case brought by Plaintiff against any or all of the thirty Defendants originally sued at the earlier cases, including GD 12-7883. By its clear language, the order also applies to any other defendants, such as the Welsches and the Morgans, who Plaintiff wishes to sue based on substantially similar allegations. This basic principle has been easily recognized by all the judges who have handled Plaintiff's cases, but Plaintiff, despite being a lawyer, cannot

3

accept the fact that he may no longer seek redress in this Court for those finally dismissed claims.

The first two orders in *this* case were entered on December 29, 2014, by the Honorable Ronald W. Folino, Administrative Judge of this Court's Civil Division. Plaintiff did not file a timely appeal of Judge Folino's order. The next several orders were entered on January 29, 2015, by the Honorable Michael E. McCarthy, who also entered a clarifying order on February 17, 2015. Plaintiff did not file a timely appeal of any of Judge McCarthy's orders. Those orders are all quoted below:

**December 29, 2014, at instant action, GD 14-22519, two orders, by Judge Folino.**

> NOW, to wit, this 29th day of December 2014, it is hereby ORDERED and DECREED that ~~the Allegheny County Department of Court Records shall strike from the docket entries on this case the December 12, 2014, notation, that the case is "Dismissed with Prejudice."~~ MOTION DENIED.

> NOW, to wit, this 29th day of December 2014, it is hereby ORDERED and DECREED that ~~for the purpose of rulings upon pre-trial and discovery issues, this case shall be assigned to_____.__~~ The within Motion is denied as no case is pending.

**January 29, 2015, at instant action, GD 14-22519, four orders by Judge McCarthy**

> AND NOW, to wit, this 29th day of January, 2015, it is hereby ORDERED and DECREED that Plaintiff's Motion to Strike from the docket the December 12, 2014, notation that this case is "Dismissed with Prejudice," is denied. See Order of 12/29/2014.

> AND NOW, to wit, this 29th day of January, 2015, it is hereby ORDERED, ADJUDGED, and DECREED the Ten Day Notices served by the Plaintiff upon the Defendants are stricken. The Plaintiff is prohibited from attempting to have default judgments entered as to the Defendants and the Department of Court Records is directed to not enter default judgments against any Defendant to this action.

AND NOW, to wit, this 29th day of January, 2015, it is hereby ORDERED, ADJUDGED and DECREED that the ten day notices of intent to enter default judgment served by Plaintiff Paul J. McArdle in this action are stricken and Plaintiff is barred from attempting to enter default judgments against Defendants Joseph W. Hufnagel, Margaret M. Hufnagel, Theresa J. Hufnagel, James P. Mansmann, Joanne T. Mansmann, Peter J. Mansmann, Sandra L. Mansmann, Kristine I. Sullivan, Thomas M. Sullivan, Theresa A. Campa, Clayton T. Campa, Elizabeth Champagne, Keith J. Champagne and Erin L. Marsh.

AND NOW, this 29th day of January, 2015, it is hereby ORDERED, ADJUDGED and DECREED the Ten Day Notices, which were not served by the Plaintiff upon counsel for Defendants, Peter L. and Sarah E. Mansmann, are stricken and the Plaintiff is prohibited from attempting to enter default judgments against Defendants, Peter L. and Sarah E. Mansmann.

**February 17, 2015, at instant action, GD 14-22519, by Judge McCarthy**

AND NOW, this 17 day of February 2015, upon consideration of the "Motion to Vacate or Reform the Order of Court of January 29, 2015", which motion has been filed on behalf of plaintiff, Paul J. McArdle, said motion is denied.

The Order of January 29, 2015 specifically prohibited Plaintiff from attempting to have default judgments entered as to *any* defendant in this matter. In entering that Order, this court understood and intended the prohibition to extend to any attempt to enter a default judgment as to any defendant, including any defendants named in the present action who were not also named in actions commenced by plaintiff at Case Nos. GD 10-20409 and GD 12-2610. Accordingly, any default entered as to any defendant in this matter is in contradiction of the Order of January 29, 2015.

Based on all those prior orders, we entered our order of March 23, 2015, after argument begun on March 2, 2015 and continued on March 5, 2015.[1] Although our order was final since it struck the default judgment which improperly had been filed against the Morgans after the instant action had been dismissed as to all Defendants, and also awarded sanctions in the form of counsel fees, Plaintiff did not file a timely appeal. (Also and coincidentally, on March 23, 2015, the Pennsylvania Supreme Court denied Plaintiff's Petition for Extraordinary Relief that had been filed on February 17, 2015.)

The penultimate order in this appeal was entered by the Honorable Michael A. Della Vecchia on April 20, 2015, sustaining the preliminary objections of the Welsches and again dismissing the captioned action "in furtherance of four (4) previous Orders of Court entered by members of this Court dismissing the above [instant] action. Plaintiff did not file a timely appeal.

Some time later, we once again handled ancillary petitions for counsel fees. The Welsches and the Cusicks had asked us for a date when they could present their requests for counsel fees, as permitted by our March 23rd order. Before we could schedule the date, Plaintiff filed his Answers prior to presentation and also filed copies of the two petitions. We were therefore able to decide the fee issue based on the Record and did so in the interest of judicial economy. We granted both petitions by one order, dated June 17, 2015. Plaintiff then filed the instant appeals of all the final orders entered since December 29, 2014.

In response to the 1925(b) orders of Judge Folino and the undersigned, Plaintiff filed a timely Statement of Matters Complained of on Appeal. He sets forth his bases for appealing each order of each judge in separate sections of his Statement. Since we had considered the

---

[1]Both those arguments were on the record and the latter has been transcribed. There is probably no need for the argument of March 2, 2015 to be transcribed as it was fairly brief and was reiterated on March 5.

validity of the orders that were prior to ours of March 23, 2015, we must discuss them again herein, despite the fact that the appeals of those orders were quashed. We also incorporate herein by reference our supporting memorandum of March 23, 2015.

## ISSUES RAISED ON APPEAL

1. As to Judge Folino's order of December 29, 2014, Plaintiff argues that since Judge Wettick's order was incorrect, it should not have been honored, and that in so doing, Judge Folino deprived Plaintiff of a basic civil right to bring this action.

2. As to Judge McCarthy's orders of January 29, 2014, Plaintiff raises the same argument.

3. As to Judge McCarthy's clarifying order of February 17, 2015, Plaintiff states that the four defendants added to this case were not parties to the case before Judge Wettick at the time of his order and therefore the 2012 order does not apply to actions against them.

4. As to our order of March 23, 2015, striking the default judgment entered against the Morgans, Plaintiff's statement is rather lengthy but the gist is that Judge Wettick's 2012 order was "unsound and worked to deny the [Plaintiff] the basic right to due process of law," and that the mere fact that the order was affirmed by the Superior Court was not a reason for us to honor and apply it.

5. As to Judge Della Vecchia's order of April 20, 2015, sustaining the preliminary objections of the Welsches and dismissing the instant action, Plaintiff's argument is that Judge Wettick's order does not apply to them because they were not included among the defendants in the various earlier actions.

6. As to our order of June 17, 2015, it was based on our Order of March 23, 2015, and awarded counsel fees to the Cusicks and the Welsches. Plaintiff states that his actions in this case were

not improper and do not warrant any award of counsel fees. He does not question the amount of fees awarded.

## DISCUSSION

We will discuss only our reasons for entering our orders of March 23, 2015 and June 17, 2015.

**1. A non-precedential *per curiam* order of the Pennsylvania Superior Court is binding upon a lower court.**

Plaintiff asserts in his 1925(b) Statement that the non-precedential designation by the Superior Court of its decision to affirm Judge Wettick's orders in the various prior cases is indicative of its "embarrassment" at doing so. He also asserts it was entered *per curiam* because it was "so embarrassing... that... no judge would put his signature on it." He suggests that we are therefore duty-bound to ignore the Superior Court's affirmance of Judge Wettick's July 25, 2012 order.

Plaintiff also contends that the Department of Court Records (DCR) had no authority to note on the docket of the instant case that this action was dismissed with prejudice pursuant to Judge Wettick's order of July 25, 2012. He says it was improper because only a judge may dismiss an action. In addition, he contends that no judge may prospectively dismiss an unfiled complaint as Judge Wettick did in 2012 for the instant 2014 complaint.

Plaintiff ignores the fact that the instant action had been *barred* by Judge Wettick's prior order directed specifically at him. We cannot re-visit the reasons for Judge Wettick's order nor its *per curiam* affirmance. It matters not whether the probable purpose of Rule 233.1 is to curb only those litigants who are *unlearned* in the law and who have demonstrated their refusal to

8

comply with the rules most litigants follow. The issues of judicial economy, conservation of judicial resources and the balancing of those concerns with the due process rights of all citizens have already been addressed and finally decided some time ago by the Superior Court *against* this particular citizen.

The DCR was simply performing its ministerial function of obeying the portion of that order directed at it. Furthermore, Judge Folino refused to strike the notation by his order of December 29, 2014, resulting in an unquestionable ratification of the DCR's entry and a final order of dismissal by a judge. Plaintiff nevertheless failed to appeal.

Plaintiff's refusal to concede defeat is unfortunate, as it prevents him from moving on. It is ironic that as an attorney, Plaintiff would probably counsel a client in similar circumstances not to continue as he did after the order of July 25, 2012 was affirmed. It would have been sound advice to himself as well, but human nature being what it is, we rarely see clearly when our own ox is being gored.

## 2. Orders of judges of coordinate jurisdiction may only be disregarded in the most extraordinary circumstances.

It is well-settled that unless the interests of justice require otherwise, one judge of the Court of Common Pleas must honor a prior order of a judge of the same jurisdiction in the same case.[2] Here, by the time of the arguments on March 2 and March 5 that led to our orders of March 23 and June 17, there had been at least three orders entered by other judges of this Court in this case that were final in nature, no longer appealable, and pertinent to the issue then pending, whether the default judgment entered against the Morgans should be stricken. Those

---

[2] We also should give great consideration to a prior order or decision of our colleagues in similar cases, although absolute deference is not mandated.

9

were Judge Folino's order of December 29, 2014, Judge McCarthy's orders of January 29, 2015, and Judge McCarthy's order of February 17, 2015. As previously stated, these were all based on Judge Wettick's July 25, 2012 order which directed the DCR, upon praecipe, to dismiss any actions brought by this Plaintiff against any of the defendants named in the action at GD 12-7883 or against any defendant related to that action, except with leave of court. Plaintiff has never asked for or been given leave to proceed as he has.

Two days after Plaintiff commenced the instant action, Mr. Fox filed his praecipe on December 12, 2014, and the DCR duly entered the notation that the case was dismissed per the order of July 25, 2012. Plaintiff then filed a Motion to Strike Docket Entry of Dismissed with Prejudice and Judge Folino denied that Motion on December 29, 2014. *At that point there could be no doubt that the entire case had been dismissed with prejudice,* rightly or wrongly. This was an appealable order that was not appealed. Furthermore, there could be no doubt Judge Folino regarded his order as final because he also refused to grant a separate motion to assign this case to one judge for pre-trial and discovery issues "as no case is pending." The appeal time for Judge Folino's order expired on or about January 29, 2015. No appeal was filed.

Judge McCarthy, by his orders of January 29, 2015, also denied a second motion by Plaintiff to strike two docket notations of dismissal made upon praecipes, struck some 10-day notices of default, barred Plaintiff from attempting to file default judgments, and directed the DCR not to enter default judgments against any defendant in this action. On February 17, 2015, Judge McCarthy then clarified his earlier orders to state explicitly that even the defendants in this action who were *not* named in the prior action were still covered by his order that Plaintiff was not to attempt to enter a default judgment against *any* defendant in this case. The latest appeal

time for Judge McCarthy's orders expired on or about March 17, 2015. No timely appeal was filed.

In other words, the state of the record at the time we entered our order of March 23, 2015, was that the automatic dismissal per the 2012 order of Judge Wettick had been ratified by Judge Folino on December 29, 2014, and that Plaintiff had failed to appeal that order. The record also showed that Plaintiff felt no obligation to comply with the Rules of Court nor to obey the orders of individual judges. We nevertheless had given him the benefit of the doubt before making our ruling and had reviewed the history of his all the actions he brought against the various named defendants. Our purpose was to see if the order of Judge Wettick was one that Judge Folino should not have honored. (We were not yet aware that Judge Wettick's order was affirmed by the Superior Court and therefore *had to be obeyed*.) After a lengthy review, we concluded that the instant action had previously and properly been dismissed and therefore struck the default judgment against the Morgans.

When we later received petitions for counsel fees as contemplated by our March 23rd order, we properly considered them and properly concluded that the counsel fees requested were warranted. We therefore entered our order of June 17, 2015.

## CONCLUSION

As stated in our March 23rd Memorandum, it should go without saying that it is impossible to have an orderly system of civil justice if a final decision is viewed by the losing party as an occasion to bring another lawsuit on the same facts and even against the same defendants, with or without the addition of new parties, as here.

It is also axiomatic that there must be finality to every dispute at some point. When people in a civil society lose in court they are expected to get past the defeat and move on to other endeavors. Instead, Plaintiff has allowed his belief that defendants are evildoers to cloud his judgment regarding the Rules of Court and the related case law. As a result, he long ago destroyed whatever possibility there was of pleading and proving his claims against the defendants and now seeks to blame the judges of this Court for the consequences of his own mistakes.

Furthermore, it is evident that the judges of this Court have been exceedingly patient with Plaintiff in the face of years of disregard for the rules that keep courts functioning. At this point his disregard has become so disruptive that it must no longer be accepted with the excess of patience our court has exhibited for years.

The orders of dismissal entered in this case were all properly entered. That being so, the March 23rd order of the undersigned striking the improper default judgment against the Morgans and awarding counsel fees to them was proper.

The order dated June 17, 2015 awarding counsel fees to the Cusicks and the Welsches was also proper and should be affirmed.

By the Court

_____, J.

24 September 2015

APPENDIX ONE

**Procedural Summaries of Prior Cases**

The chronology of the dismissals and new filings demonstrates that after each adverse and final ruling, Plaintiff would commence a new case. The prior cases, with procedural highlights, are as follows.

**GD 10-20409**

**Opened on 11/1/2010** by petition captioned "In re Enquiry into Matters of Trespass, Conversion, and Defamation, *inter alia*, Pre-Complaint Discovery." Praecipe for Writ of Summons filed 12/06/2010. Complaint filed 03/16/2011. Amendment to Complaint filed 3/30/2011. Argument on May 31, 2011 regarding preliminary objections was later transcribed. According to the transcript of that argument, Judge Wettick took the matter under advisement. Leave to file an amended complaint was not requested by the Plaintiff, although counsel for the defendants alluded to the possibility and Judge Wettick indicated that issue would be dealt with after he reviewed the cases cited by the parties. The preliminary objections were sustained and the complaint was dismissed as to all defendants by Judge Wettick by order dated 7/7/2011 and docketed on 7/8/2011. Leave to amend was not granted. Appeal to Superior Court, 1145 WDA 2011, 8/09/2011. **Order affirmed 02/01/2012.**

**GD 12-2610**

**Opened by Complaint filed on 2/7/2012.** Discovery was stayed by Judge Wettick by order dated 3/10/2012 and docketed on 3/13/2012. On March 16, 2012, Judge Wettick was assigned to preside "until the case is fully resolved." **By order dated 4/30/2012, "defendants' motions to dismiss pursuant to Pa.R.C.P. 233.1 [were] granted."** Appeal to

Superior court filed 5/1/2012, 733 WDA 2012. **Order affirmed 12/19/2012.** (Orders in other cases were also affirmed on 12/19/2012.)

**GD 12-6759**

**Opened on 4/13/2012 by another Petition** for Pre-Complaint Discovery Proceedings, captioned "In re Enquiry Upon the Corruption of Witnesses and Upon Causes of Action for Defamation." The case was assigned to Judge Wettick by order dated 5/23/2012. All proceedings were stayed by order of Judge Wettick dated 6/22/2012 and docketed 6/26/2012. No praecipe for a writ of summons or a complaint were filed in this case. **The petition was dismissed with prejudice** by one of two orders in this and GD 12-7883, below, dated and docketed 7/25/2012. Appeal filed 7/27/2012, 1175 WDA 2012. **Order affirmed 12/19/2012.**

**GD 12-7883**

**Opened by Complaint on 5/3/2012,** shortly after GD 12-6759, above, was opened by Petition. All proceedings were stayed by order of Judge Wettick dated 6/22/2012 and docketed 6/26/2012. **This case (like GD 12-2610) was also dismissed per Pa.R.C.P 233.1, by the crucial order dated July 25, 2012.** Appeal filed 7/30/2012; 1925(b) Statement filed by Plaintiff on 8/23/2012. **Order affirmed on 12/19/2012.**

**GD 12-13337**

**Opened on 7/31/2012 by a Writ (vs. "John Doe" only and never served) and a third Petition for pre-complaint discovery.** Assigned to Judge Wettick on 8/21/2012. Petition denied, with note that discovery as to the Morgans was not permitted except by court order "after pleadings are closed." Appeal filed 10/9/2012. **Appeal quashed as interlocutory 1/15/2013.** Two documents were filed thereafter, but are not pleadings, one on 9/24/2013 and one on

9/25/2013. No further proceedings or pleadings have been filed as of March 21, 2015. No service of original process has been made nor has a writ been re-issued. Case may have been abandoned by Plaintiff.